ひりひ



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By art 29d. V.C.S*

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. C-2745
> Re: Computing the amount due a tax
> assessor for fees under Article
> 3937, R. C. S. 1925, as amended,
> in the light of the last preced-
> ing Federal Census.

We are in receipt of your recent request for an
opinion by this department which reads in part as follows:

> "Article 3937, R. C. S., which has to do
> with the compensation for Tax Assessors, reads,
> in part:

> "'. . . provided, that in counties in which
> the population does not exceed twelve thousand,
> five hundred (12,500) inhabitants, the assessor
> shall receive on all sums for the first four
> million dollars ($4,000,000.00) the sum of five
> (5) cents for each one hundred dollars ($100.00),
> and on all sums above such amount the fee shall
> be as above stated, one-half of the above compen-
> sation shall be paid by the State . . .'

> "This department, in calculating the amount
> due the Assessor under this Article, has hereto-
> fore used the 1930 census report as determining
> the number of inhabitants in a county.

> "The 1940 census has changed the number of
> inhabitants and there are several counties affect-
> ed thereby.

> "In computing the amount due a Tax Assessor
> for this year, should the number of inhabitants
> as shown by the census for 1930 be the basis of
> computation of the fees due the Assessor, or
> should this department now use the number of in-

Honorable Geo. F. Sheppard, Page 2

habitants as shown by the census as completed in 1940?"

In our opinion No. 0-2337 we ruled that the preliminary announcement of the Federal Census by the Director is an official pronouncement of which the public and all officials may take notice, notwithstanding the same may be subject to correction or revision before final publication. See also opinion No. 0-2524. Copies of these opinions are enclosed herewith. As pointed out in the above mentioned opinions, 13 U. S. C. A., Chapter 4 does not expressly provide the effective date of the census but Section 206 of said Title provides that it "shall be taken as of the 1st day of April," and the enumerator is required to make his returns to the supervisor of his district within thirty days from the commencement of the enumeration. In Underwood v. Pickman, (Tenn. 1931) 39 S. W. (2d) 1034, it was held that under Section 206 the census of 1930 became effective on April 1st of that year, as distinguished from the question as to when the court or public officials may take notice of the result of the census.

We understand that official preliminary announcement of the 1940 census for the various counties in Texas has been made and has in most instances been available for several months. This is a matter, however, which we shall pass for your determination since we do not know the counties to which you refer.

The case of Freeman v. Terrell, (Comm. App., 1926) 284 S. W. 946, while it does not directly decide the question presented by you, is in our opinion analogous. That case arose as an original mandamus in the Supreme Court by the Tax Assessor of Tarrant County to compel the Comptroller to pay relator his fees of office at the rate provided by the Act of 1925, effective June 18th of that year. That Act was the same as Article 3937 prior to its amendment by the 41st Legislature and increased the rate of compensation for Tax Assessors. Relator contended that he should be paid on the basis of the amended law but the Comptroller took the position that the new rate applied only to assessments taken by the Assessor subsequent to its taking effect, and therefore did not apply to 1925 assessments taken by the Assessor between January 1, 1925, and April 30, 1925, in compliance with Article 7189, R. S. 1925. The court stated:

"We take no issue with this counter proposition. It is true that laws speak prospectively 'unless the contrary is clearly indicated.' Coun-

Honorable Geo. H. Sheppard, Page 3

sel for relator do not contest this principle of law, and ask that the statute involved be given a prospective effect.

"It is also true, beyond question, that if all the material services of a tax assessor for 1925 had been completed before June 18 of that year, he would have been paid under the old rate. There could be no controversy upon this point.

* * * *

"Respondent seems to be of the view that the taking of this rendition from each citizen constitutes all the duties of the assessor's office except what counsel chooses to denominate as mere 'incidental duties.' We think his work after April 30, 1925, as defined by statute, was equal to if not more than the duties prescribed in article 7189, supra. At any rate, the duties subsequent to the taking of the renditions were very material. If we are correct in that view, we are not quite sure that respondent entertains a view contrary to ours. If he does, we think he is in error.

"The duties of the tax assessor, in addition to those prescribed by article 7189, are summarized by counsel for relator in his brief as follows:

"* * * *."

The court then quotes at length from the brief of relator, discussing the various duties of the Tax Assessor, and continues as follows:

"A mere reading of these various duties, prescribed by statute, is convincing that the tax collector has but made a good beginning when he gathers the renditions of property for taxation.

"The undisputed statement in the pleadings is that the relator did not complete his official duties until September 15, 1925, about 90 days subsequent to the taking effect of the new fee statute. The services prior to April 30

Honorable Geo. H. Sheppard, Page 4

related only to the taking of renditions as heretofore stated. There was in no sense a valid and binding assessment on April 30, 1925. All the authorities so held. The assessment duties of this county official are not complete until the various services above outlined have been performed.

"The fee statute provides a certain per cent. of assessed valuation as pay for the assessor's 'services'. The compensation is not for taking renditions only. The statute does not say he shall receive so much for part of his work and something else for other official duties. If the compensation was divisible, it would be possible to apply the 1920 fee statute to part of relator's accounts and the 1925 law to other portions thereof. But, since it is impossible to place a value upon his several services, it must be assumed that the Legislature intended to apply the new rate to his 1925 services as a whole. This is all the more reasonable a conclusion in view of the fact that the Legislature knew he could not present his bill for services until the fall of 1925. At the time his account became due, the new rate was effective. If the Legislature had intended to apply one rate to a part of the account and another to the other, then it should have provided a method for doing so. It should have placed a value on each part of the work. Not having done so, we hold there was no such intention on the part of the lawmakers. We think this official should be paid under the 1925 statute. We have found no authority covering this situation, and counsel cite none. We assume that no attorney in this case has found any authority in point.

"We think the mandamus should issue as prayed for, and we so recommend."

It would seem that the passing of a county from one population classification to another, thereby changing the statutory rate of compensation to be paid a Tax Assessor, would be the same, or similar, in principle to a change in such compensation by reason of the amendment of applicable statutes.

Honorable Geo. P. Sheppard, Page 5


Based upon our assumption of the publication of the result of the 1940 census as hereinabove mentioned, it is our opinion that your department should now use the number of inhabitants as shown by the 1940 Federal Census in determining the compensation to be paid Tax Assessors for this year under the provisions of that portion of Article 3937, R. C. S. 1925, quoted in your letter of request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                     *Cecil C. Cammack*

                       Cecil C. Cammack
                           Assistant

CCC:LM

ENCLOSURE

APPROVED NOV 1, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN